UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

FOX NEWS NETWORK, L.L.C.,

        Plaintiff,

-against-

ECHOSTAR SATELLITE LLC,

        Defendant.

------------------------------------------------------------x

No. 07 Civ. 11314 (RJH)

### [PROPOSED] STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by all parties to this action (the "Action"), through their undersigned counsel, that the following provisions shall govern the handling of all information contained in documents, recordings, testimony, exhibits and any other written, recorded or graphic matter ("discovery material") produced in connection with the Action, whether or not in response to a formal discovery request. The provisions of this [Proposed] Stipulated Protective Order ("Protective Order") also shall apply to any non-party who provides discovery material and agrees to be bound by the terms of this Protective Order. References to a "party" or "parties" herein shall also include such non-parties.

1.    All discovery shall be used solely for the purpose of prosecuting or defending the Action and for no other purpose.

2.    <u>Confidential Information and Attorneys' Eyes Only Information</u>

    (a)    The party producing discovery material may designate as "Confidential Information" any information that it in good faith believes embodies confidential, commercially sensitive or proprietary information.

ny-793265

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 1/28/08

(b) Additionally, the party producing discovery may designate as "Attorneys' Eyes Only Information" any information that it in good faith believes embodies a trade secret or is information that gives one party a competitive advantage in the marketplace over the other or could otherwise significantly prejudice the business of the producing party if revealed to the receiving party.

(c) The producing party may designate Confidential Information by stamping each page of a document containing such Confidential Information with the legend "Confidential." The producing party may designate Attorneys' Eyes Only Information by stamping each page of a document containing such Attorneys' Eyes Only Information with the legend "Confidential – Attorneys' Eyes Only." Inadvertent failure to designate material as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice. Testimony containing Confidential Information and/or Attorneys' Eyes Only Information will be subject to the provisions of Paragraph 9 herein.

(d) Nothing herein shall prevent the parties from seeking an order further restricting the use of or access to information.

3. Confidential Information may be disclosed to or made available by the party receiving such information only to the following persons:

(a) the United States District Court for the Southern District of New York (the "Court"), including the personnel of the Court, subject to Paragraph 7 below;

(b) any party to the Action (including in-house counsel, employees and agents of Fox News Network, L.L.C. or EchoStar Satellite LLC);

(c) outside counsel of record to any party to the Action;

(d) outside counsel to any party to the Action as reasonably deemed necessary to the prosecution or defense of the Action by counsel of record in the Action. Such outside counsel shall execute a copy of the Protective order substantially in the form of Exhibit A;

(e) court reporters, typists, or videographers who record or transcribe testimony and who acknowledge on the record a duty to keep the designated Confidential Information confidential;

(f) outside experts, advisors or consultants retained (i) by counsel of record in the Action, or (ii) by any party to the Action as reasonably deemed necessary to the prosecution or defense of the Action by counsel of record in the Action. Such disclosure shall be only to the extent reasonably deemed necessary by such counsel of record, provided that such experts, advisors or consultants are not employed currently by any cable or satellite television network, or any cable or satellite television distributor other than a party to the Action. Prior to disclosure of any Confidential Information to any such outside expert, advisor or consultant, counsel for the party proposing such disclosure shall deliver a copy of this Protective Order to the expert, advisor or consultant and shall explain the terms of the Protective Order. Such expert, advisor or consultant shall execute a copy of the Protective Order substantially in the form of Exhibit A. A copy of each such undertaking shall be forwarded to the other party at the earlier of the end of the Action or at the time the identity of the expert, advisor or consultant is disclosed, and if any expert, advisor or consultant is called to testify, a copy of such person's undertaking will be provided to the other party no later than at that time;

(g) any bona fide potential or actual witness (and any counsel of any such witness, which counsel reviews this Protective Order and executes a copy of the Protective Order substantially in the form of Exhibit A) provided that counsel herein reasonably believe that the

witness has relevant knowledge about the creation, distribution or maintenance of the particular Confidential Information to be disclosed or about the facts contained therein. If such witness is not an employee, in-house counsel, or agent of Fox News Network, L.L.C. or EchoStar Satellite LLC, the witness shall execute a copy of the Protective Order substantially in the form of Exhibit A; and

        (h)    other persons only after notice to all parties and upon order of the Court, or upon prior written consent of the producing party.

4.    "Attorneys' Eyes Only Information" may be disclosed to or made available by the party receiving such information only to the following persons:

        (a)    the Court, including the personnel of the Court, subject to Paragraph 7 below;

        (b)    outside counsel of record to any party to the Action;

        (c)    outside counsel to any party to the Action as reasonably deemed necessary to the prosecution or defense of the Action by counsel of record in the Action. Such outside counsel shall execute a copy of the Protective Order substantially in the form of Exhibit A;

        (d)    the following in-house counsel for the parties to the Action;

- Dianne Brandi, Esq., for Fox News Network, L.L.C., and
- Jeffrey Blum, Esq., for EchoStar Satellite LLC;

        (e)    court reporters, typists, or videographers who record or transcribe testimony and who acknowledge on the record a duty to keep the designated Attorneys' Eyes Only Information confidential;

        (f)    outside experts, advisors or consultants retained (i) by counsel of record in the Action, or (ii) by any party to the Action as reasonably deemed necessary to the prosecution

or defense of the Action by counsel of record in the Action. Such disclosure shall be only to the extent reasonably deemed necessary by such counsel of record, provided that such experts, advisors or consultants are not employed currently by any cable or satellite television network, or any cable or satellite television distributor other than a party to the Action. No less than five (5) business days prior to the initial disclosure to a proposed expert, advisor or consultant of any Attorneys' Eyes Only Information, the party proposing such disclosure shall submit in writing the name of the proposed expert, advisor or consultant and his or her employment history during the past five years to the party that supplied the Attorneys' Eyes Only Information. If the supplier objects to the disclosure of such Attorneys' Eyes Only Information to such proposed expert, advisor or consultant as inconsistent with the language or intent of this Protective Order or on other grounds, it shall notify the receiving party in writing of its objection and the grounds therefore prior to the initial disclosure. If the dispute is not resolved on an informal basis, the supplier shall within five (5) business days of stating its objection submit each objection to the Court for a ruling. The submission of such Attorneys' Eyes Only Information to such proposed expert, advisor or consultant shall be withheld pending the ruling of the Court. Prior to disclosure of any Attorneys' Eyes Only Information to any such outside expert, advisor or consultant, counsel for the party proposing such disclosure shall deliver a copy of this Protective Order to the expert, advisor or consultant and shall explain the terms of the Protective Order. Such expert, advisor or consultant shall execute a copy of the Protective Order substantially in the form of Exhibit A. The copy of the Protective Order substantially in the form of Exhibit A executed by an expert, advisor or consultant to receive Attorneys' Eyes Only Information shall be delivered to counsel for the producing party at least five business (5) business days before any such disclosure of Attorneys' Eyes Only Information;

(g) any bona fide potential or actual witness (and any counsel of any such witness, which counsel reviews this Protective Order and executes a copy of the Protective Order substantially in the form of Exhibit A) identified as an author or recipient of the Attorneys' Eyes Only Information or employed by the party that produced the Attorneys' Eyes Only Information. If such witness is not an employee, in-house counsel, or agent of Fox News Network, L.L.C. or EchoStar Satellite LLC, the witness shall execute a copy of the Protective Order substantially in the form of Exhibit A; and

(h) other persons only after notice to all parties and upon order of the Court, or upon prior written consent of the producing party.

5. The terms "counsel," "expert," "advisor" and "consultant" include their staff who are assigned to assist and necessary to assist such counsel, expert, advisor or consultant in the preparation of this litigation.

6. All persons who have received Confidential Information and/or Attorneys' Eyes Only Information pursuant hereto shall safeguard such information so as to prevent its disclosure to persons who are not entitled to have access to such information pursuant to this Protective Order.

7. In the event that counsel elects to file with the Court any Confidential Information or Attorneys' Eyes Only Information, such material shall be filed in a sealed envelope on which a statement substantially in the following form shall be endorsed:

"CONFIDENTIAL - FILED UNDER SEAL"

or it may be filed pursuant to such other procedure as agreed by the parties in writing or as directed by the Court.

8.  All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions or other papers filed that contain or disclose any Confidential Information or Attorneys' Eyes Only Information, shall be designated "Confidential" or "Confidential—Attorneys' Eyes Only," as appropriate, and the party filing such information shall seek confidential treatment of the information consistent with the Protective Order.

9.  Subject to the Federal Rules of Civil Procedure and the Court's Local Civil Rules, Confidential Information and Attorneys' Eyes Only Information may be offered in evidence at the trial of the Action or any hearing related thereto, and testimony containing Confidential Information and Attorneys' Eyes Only Information may be elicited. Any party may move for an order that Confidential Information and/or Attorneys' Eyes Only Information so offered in evidence or so elicited in testimony be received under conditions to prevent its disclosure to persons or entities not entitled under this Protective Order to have access to it.

10. Any party to the Action to whom Confidential Information or Attorneys' Eyes Only Information is produced or disclosed may object within ten (10) business days to the designation. The objection shall be made in writing to counsel for the designating party (the "Notice"). The Notice shall have attached a copy of such designated material or shall identify each subject document by production number and shall (a) state that the receiving party objects to the designation and (b) set forth the particular reasons for such objection. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the objection, the objecting party may move to remove the designation. All materials whose designation is so objected to shall continue to be treated as Confidential Information or

Attorneys' Eyes Only Information, as the case may be, until there is a ruling to the contrary by the Court.

11. All Confidential Information, Attorneys' Eyes Only Information, and all copies thereof shall be destroyed, and certified to the producing party as having been destroyed, or returned to counsel for the producing party within sixty (60) days after the final conclusion of the Action; provided, however, that the parties' counsel may retain copies of briefs and other papers (including any exhibits thereto) filed in the proceeding and documents offered as evidence at trial that contain Confidential Information and/or Attorneys' Eyes Only Information, so long as such briefs, other papers or documents offered as evidence at trial are maintained in accordance with the provisions hereof.

12. After the termination of this Proceeding, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Information and/or Attorneys Eyes Only Information has been disclosed or communicated.

13. The inadvertent production of any discovery material shall be without prejudice to any claim that such material is privileged and/or protected from discovery as work product, and the producing party shall not be held to have waived any such claim by inadvertent production, provided that the producing party promptly advises the other party of its position after discovering the alleged inadvertent production and identifies the documents to which the assertion is claimed. All inadvertently produced materials as to which a claim of privilege or work product protection is asserted and any copies thereof shall be returned promptly, and the information contained therein shall not be used or relied upon in any way by the receiving party other than for the purpose of challenging before the Court the assertion of privilege or work product protection.

14. Any notice required or permitted herein shall be made, if to Fox News Network, L.L.C., to its counsel Vinson & Elkins L.L.P., and if to EchoStar Satellite LLC, to its counsel Morrison & Foerster LLP. Notice may be by telephone with facsimile or e-mail confirmation or other such means so as to provide timely notice as appropriate.

15. Each of the parties hereto shall be entitled to seek modification of this Protective Order for good cause shown by application to the Court on reasonable notice to the other parties hereto.

Dated: January 22, 2008

VINSON & ELKINS L.L.P.

By: _____
Clifford Thau
Michael S. Davi
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
212.237.0000

*Attorneys for Plaintiff*
*Fox News Network, L.L.C.*

Dated: _____

MORRISON & FOERSTER LLP

By: _____
Charles L. Kerr
1290 Avenue of the Americas
New York, NY 10104-0050
212.468.8000

*Attorneys for Defendant*
*EchoStar Satellite LLC*

See Addendum.

SO ORDERED:

_____
Hon. Richard J. Holwell
United States District Judge

ADDENDUM TO
STIPULATED PROTECTIVE ORDER
Fox News v. Echostar
<u>07 Civ. 11314(PKC)</u>

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit and memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing <u>United States v. Amodeo</u>, 44 F.3d 141, 145 (2d Cir. 1995) ("<u>Amodeo I</u>") and <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119-120 (2d Cir. 2006). Without any further application to the Court, the following may be redacted from any letter, memorandum, exhibit, deposition testimony or other document to be filed with the Clerk: social security numbers, taxpayer-identification numbers, financial account numbers, and names of minor children (replaced by initials); where a redaction has been made, the fact of the redaction shall be noted on the page where it has occurred.

SO ORDERED.

_____
United States District Judge

Dated: New York, New York
January 25, 2008