UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
FOX NEWS NETWORK, L.L.C.,

                  Plaintiff,

      -against-

ECHOSTAR SATELLITE LLC,

                  Defendant.
------------------------------------------------------------------- x

No. 07 Civ. 11314 (RJH) (FM)

**ANSWER OF DEFENDANT
ECHOSTAR SATELLITE LLC**

       Defendant EchoStar Satellite LLC ("EchoStar"), by its attorneys Morrison & Foerster LLP, answers the Amended Complaint of plaintiff Fox News Network, L.L.C. ("Plaintiff"), dated February 19, 2008, in the above-captioned action (the "Amended Complaint") as follows:

       1.     Denies the allegations in Paragraph 1 of the Amended Complaint, except admits that the Amended Complaint purports to assert certain rights against and seek certain relief with respect to EchoStar, and respectfully refers the Court to the Amended Complaint and to the Affiliation Agreement, dated November 30, 1998, between EchoStar and Plaintiff (the "Affiliation Agreement") for their contents.

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint, except admits that Plaintiff is the provider of the television programming known as the Fox News Channel ("FNC"), and that EchoStar, through its DISH Network, provides direct broadcast satellite television and products to customers throughout the United States, including a variety of programming packages consisting of different combinations of digital video, data, and audio channels.

3. Denies the allegations in Paragraph 3 of the Amended Complaint and respectively refers the Court to the Affiliation Agreement for its contents, except admits that since January 2007, FNC has been included among the channels provided to EchoStar's customers who purchase its package of programming services presently known as "America's Top 200" ("AT-200").

4. Denies the allegations in Paragraph 4 of the Amended Complaint and respectively refers the Court to the Affiliation Agreement for its contents, except admits that Plaintiff purports to seek damages against EchoStar.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint.

6. Denies the allegations in Paragraph 6 of the Amended Complaint, except admits that EchoStar is a limited liability corporation organized and existing under the laws of the State of Colorado, that its principal place of business currently is in Englewood, Colorado, that it was formerly known as EchoStar Satellite Corporation, and further avers that its parent corporation is EchoStar DBS Corporation.

7. Denies the allegations in Paragraph 7 of the Amended Complaint, except admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2).

8. Denies the allegations in Paragraph 8 of the Amended Complaint, except admits that venue is proper in this Court.

9. Admits the allegations in Paragraph 9 of the Amended Complaint.

10. Denies the allegations in Paragraph 10 of the Amended Complaint and respectively refers the Court to the Affiliation Agreement for its contents.

ny-799435

11. Denies the allegations in Paragraph 11 of the Amended Complaint and respectively refers the Court to the Affiliation Agreement for its contents.

12. Denies the allegations in Paragraph 12 of the Amended Complaint, except admits that AT-200 is the successor to the package of programming services that was known as "America's Top 100" ("AT-100") in 1998.

13. Denies the allegations in Paragraph 13 of the Amended Complaint, and avers that since January 2007, AT-200 has been EchoStar's most widely distributed package of programming services received by (and billed as such a package to) EchoStar's Subscribers (as defined in the Affiliation Agreement).

14. Denies the allegations in Paragraph 14 of the Amended Complaint, except admits that since January 2007, FNC has not been included among the channels provided to EchoStar's customers who purchase its AT-100 package, and further avers that since January 2007, AT-200 has been EchoStar's most widely distributed package of programming services received by (and billed as such a package to) EchoStar's Subscribers (as defined in the Affiliation Agreement).

## CLAIM FOR RELIEF

### First Claim for Relief

15. In response to the allegations in Paragraph 15 of the Amended Complaint, repeats and realleges each and every response to Paragraphs 1 through 14 of the Amended Complaint, as if fully set forth herein.

16. Denies the allegations in Paragraph 16 of the Amended Complaint and respectively refers the Court to the Affiliation Agreement for its contents, except admits that Plaintiff and EchoStar are parties to the Affiliation Agreement, which is a valid and binding agreement.

ny-799435

17. Denies the allegations in Paragraph 17 of the Amended Complaint.

18. Denies the allegations in Paragraph 18 of the Amended Complaint.

19. Paragraph 19 of the Amended Complaint sets forth legal conclusions that EchoStar is not required to admit or deny. To the extent that a response is required, EchoStar denies the allegations in Paragraph 19 of the Amended Complaint.

20. Denies the allegations in Paragraph 20 of the Amended Complaint and respectively refers the Court to the Affiliation Agreement for its contents.

21. Denies the allegations in Paragraph 21 of the Amended Complaint and respectively refers the Court to the Affiliation Agreement for its contents.

22. Denies the allegations in Paragraph 22 of the Amended Complaint and respectively refers the Court to the Affiliation Agreement for its contents.

23. Denies the allegations in Paragraph 23 of the Amended Complaint and respectively refers the Court to the Affiliation Agreement for its contents.

**Second Claim for Relief**

24. In response to the allegations in Paragraph 24 of the Amended Complaint, repeats and realleges each and every response to Paragraphs 1 through 14 of the Amended Complaint, as if fully set forth herein.

25. Denies the allegations in Paragraph 25 of the Amended Complaint and respectively refers the Court to the Affiliation Agreement for its contents, except admits that Plaintiff and EchoStar are parties to the Affiliation Agreement, which is a valid and binding agreement..

26. Denies the allegations in Paragraph 26 of the Amended Complaint.

27. Denies the allegations in Paragraph 27 of the Amended Complaint.

28. Paragraph 28 of the Amended Complaint sets forth legal conclusions that EchoStar is not required to admit or deny. To the extent that a response is required, EchoStar denies the allegations in Paragraph 28 of the Amended Complaint.

29. Denies the allegations in Paragraph 29 of the Amended Complaint and respectively refers the Court to the Affiliation Agreement for its contents.

30. Denies the allegations in Paragraph 30 of the Amended Complaint and respectively refers the Court to the Affiliation Agreement for its contents.

## FIRST AFFIRMATIVE DEFENSE

31. The Amended Complaint fails, in whole or in part, to state a claim against EchoStar upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

32. The Amended Complaint fails, in whole or in part, because it has stated a claim that is contradicted by undisputed documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred because EchoStar has fully complied with its obligations under the Affiliation Agreement.

## FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or the doctrines of laches.

## FIFTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction.

ny-799435

**SIXTH AFFIRMATIVE DEFENSE**

36. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

37. EchoStar reserves the right to amend and/or supplement this Answer, including, without limitation, to assert additional defenses.

WHEREFORE, EchoStar respectfully requests that the Amended Complaint be dismissed, that the Court enters judgment in favor of EchoStar, that EchoStar be awarded its costs and attorney's fees and that the Court grants such other and further relief as it may deem just.

Dated: March 4, 2008                               Respectfully submitted,

                                                   MORRISON & FOERSTER LLP


                                                   By:   s/Charles L. Kerr
                                                         Charles L. Kerr
                                                         Leah A. Ramos
                                                   1290 Avenue of the Americas
                                                   New York, NY  10104-0050
                                                   Tel.:  212.468.8000
                                                   Fax:  212.468.7900
                                                   ckerr@mofo.com

                                                   *Attorneys for Defendant*
                                                   *EchoStar Satellite LLC*