# Vinson&Elkins

Clifford Thau cthau@velaw.com
Tel 212.237.0012 Fax 917.849.5321



RECEIVED
JUL 16 2008
CHAMBERS OF
RICHARD J. HOLWELL

July 15, 2008

**By Facsimile**

The Honorable Richard J. Holwell
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/08

Re: *Fox News Network, L.L.C. v. EchoStar Satellite L.L.C.*, No. 07-CV-11314 (RJH) (FM)

Dear Judge Holwell:

    We represent Plaintiff Fox News Network, L.L.C. ("Fox News") in the referenced action against Defendant Dish Network LLC ("EchoStar"), formerly known as EchoStar Satellite L.L.C., and pursuant to Local Civil Rule 37.2, we write to request an informal conference with the Court prior to filing any motions related to discovery disputes between the parties regarding two separate discovery issues. First, Fox News intends to seek an order compelling certain discovery from EchoStar regarding EchoStar's affiliation agreements with other networks. Second, Fox News intends to seek an order that it need not produce certain discovery requested by EchoStar regarding Fox News's advertising revenue. A brief overview of the parties' dispute in each matter is described below.

EchoStar's Affiliation Agreements with Other Networks

    On April 9, 2008, Fox News served EchoStar with Fox News's First Request to Produce Documents (the "Fox News Requests") and its First Set of Interrogatories (the "Fox News Interrogatories"). Request No. 10 of the Fox News Requests seeks the production of "documents concerning EchoStar's agreements with other entities for the distribution of programming in any of EchoStar's packages of programming services." Similarly, Interrogatory No. 3 of the Fox News Interrogatories seeks the identity of "each entity with which EchoStar has entered into an agreement to distribute programming in any of EchoStar's packages of programming services."

    In its May 23, 2008 Objections and Responses to the Requests, EchoStar objected to producing documents in response to Request No. 10 "on the grounds that it seeks the discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence [and] insofar as it seeks the discovery of confidential and/or proprietary business information of EchoStar and/or third parties." On May 28, 2008, EchoStar served Objections and Responses to the Interrogatories, providing a non-responsive

---

**Vinson & Elkins LLP Attorneys at Law**
Abu Dhabi Austin Beijing Dallas Dubai Hong Kong Houston
London Moscow New York Shanghai Tokyo Washington

666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Tel 212.237.0000 Fax 212.237.0100 www.velaw.com

**V&E**

answer to Interrogatory No. 3 by referring Fox News "to the DISH Network web site, which identifies what programming is included in various packages of programming services." EchoStar's answer to Interrogatory No. 3 is non-responsive because EchoStar's website does not identify any entity with which EchoStar has entered into an agreement to distribute programming. The website merely lists the networks that are presently carried in each of EchoStar's packages of programming services so that, even if Fox News can determine the entities with which EchoStar has contracted to carry the networks in its current packages, the website does not provide any information from which Fox News can determine the entities with which EchoStar may have previously contracted.

Fox News's discovery requests with regard to EchoStar's affiliation agreements with other networks are relevant to the claims and defenses in this action and are likely to lead to the discovery of admissible evidence demonstrating how EchoStar has interpreted language in its affiliation agreement with Fox News (the "Affiliation Agreement"). The Affiliation Agreement requires EchoStar to distribute Fox News Channel ("FNC") in Echsotar's "most widely distributed package of programming services received by (and billed as such a package to) [EchoStar's] Subscribers" and to "use its commercially reasonable efforts to maximize subscribers to and viewership of Fox News among all of its Subscribers." Fox News believes that the proper interpretation of EchoStar's duties under the Affiliation Agreement requires that EchoStar distribute FNC in its package of programming services known as "America's Top 100" ("AT 100"). EchoStar currently distributes FNC in its package of programming services known as "America's Top 200."

In light of EchoStar's and its affiliates' references to AT 100 as EchoStar's "most widely distributed programming package" in their individual SEC filings since December 31, 2006, review of affiliation agreements that EchoStar entered into with other networks may lead to the discovery of admissible evidence concerning how EchoStar interprets provisions that are similar to the one in the Affiliation Agreement, which is at the heart of the parties' dispute here. See, e.g., Sedona Corp. v. Open Solutions, Inc., 249 F.R.D. 19, 24-25 (D. Conn. 2008) (citing McCormick on Evidence § 198 (6th ed. 2006)) (holding that discovery requests for third-party agreements that "contain provisions similar to those at issue in the parties' agreement" are appropriate because they "seek relevant information and are reasonably calculated to lead to the discovery of admissible evidence on the issue of the interpretation of the terms of the parties' agreement"). Furthermore, EchoStar's objection to Request No. 10 on the basis that it "seeks the discovery of confidential and/or proprietary business information" is unfounded because adequate protection for such information has already been provided for in the Stipulated Protective Order entered on January 28, 2008.

Because the documents and information sought through Request No. 10 and Interrogatory No. 3 are both relevant to the claims and defenses in this action and reasonably calculated to lead to the discovery of admissible evidence, the Court should compel EchoStar to provide a complete answer to Interrogatory No. 3 and to produce the requested documents.

<u>All of Fox News's Advertising Revenue</u>

On April 24, 2008, EchoStar served Fox News with EchoStar's First Request to Produce Documents (the "EchoStar Requests"), in which Request No. 16 sought the production of "[a]ll documents concerning any advertising revenue earned by Fox as a result

**V&E**                               The Honorable Richard J. Holwell    July 15, 2008    Page 3

of [FNC] being distributed to EchoStar's Subscribers under the Affiliation Agreement." On May 23, 2008, Fox News responded by serving Objections and Responses to the Requests, objecting to Request No. 16 on the grounds that the request is "overly broad, unduly burdensome, and neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence."

Although EchoStar has offered to limit the period of this request from January 1, 2006 through the present, such a limitation does not resolve Fox News's objections to the request. Because Fox News's advertising revenue is not specific to the systems that distribute FNC, but rather is derived collectively from FNC's distribution across all systems, Fox News has no means of separating the advertising revenue earned specifically from the distribution of FNC on EchoStar from FNC's distribution on any other system. Thus, Request No. 16 arguably calls for the production of all documents concerning all of Fox News's advertising revenue. Such a request is not relevant to the claims and defenses in this action, and Fox News should be protected from the undue burden and expense of responding to it. Instead, in response to EchoStar's Request No. 17, which seeks the production of "[a]ll documents concerning any advertising revenue that Fox [News] contends it has lost as a result of EchoStar's performance or actions under the Affiliation Agreement," Fox News has offered to produce documents sufficient to show its total advertising revenue in each of the last three fiscal years, and to offer deposition testimony establishing the additional percentage of advertising revenue that Fox News likely would have earned if EchoStar had distributed Fox News in accordance with the terms of the Affiliation Agreement. Fox News has advised EchoStar that the additional advertising revenue that Fox News would have earned if it had access to the additional EchoStar subscribers promised under the Affiliation Agreement is the essence of its claim for lost advertising revenue.

Because Request No. 16 is overly broad, unduly burdensome, and is neither relevant to any of the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, the Court should protect Fox News from the undue burden and expense of producing all documents concerning Fox News's advertising revenue.

*   *   *

Despite a number of telephonic conferences between the parties, the parties have not been able to resolve these issues. We hope that the Court will be able to aid the parties in resolving this dispute without the need for motion practice. Thus, pursuant to Local Civil Rule 37.2, we request that the Court schedule an informal conference at its earliest convenience to discuss these issues.

Thank you for your attention to this matter.

*[Handwritten: A discovery conference will be held on July 31, 2008 at 4:00 p.m.]*

Respectfully submitted,

Clifford Thau /mt

Clifford Thau

*[Handwritten: SO ORDERED / RJH / USDJ 7/23/08]*

cc: Charles L. Kerr, Esq.